FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Oct 17, 2023

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| ALEXA PAULINE MORRIS and KRISTOPHER LOREN MORTON, <br><br> Plaintiffs, <br><br> v. <br><br> JOSHUA MELLING, ROGELIO NUNEZ, and ALPHA HOMES AND DEVELOPMENT CORP., <br><br> Defendants. | No. 4:23-CV-05108-ACE <br><br> ORDER GRANTING DEFENDANTS' MOTION TO DISMISS <br><br> ECF No. 7 |

**BEFORE THE COURT** is Defendants' August 24, 2023 Motion to Dismiss, pursuant to Federal Rules of Civil Procedure 12(b), for lack of federal jurisdiction. ECF No. 7. Plaintiffs have filed no response or otherwise challenged Defendants' motion to dismiss. The motion was noted for hearing, without oral argument, on October 16, 2023.

## STANDARD OF REVIEW

Federal district courts are courts of limited jurisdiction. They have no jurisdiction without specific constitutional or statutory authorization. *Exxon Mobil Corp. v. Allapattah Servs.*, 545 U.S. 546, 552 (2005). A party invoking the federal court's jurisdiction has the burden of proving that subject matter jurisdiction exists. *Thompson v. McCombe*, 99 F.3d 352, 353 (9th Cir. 1996); *Thornhill Publ'g Co., Inc. v. Gen. Tel. & Elecs. Corp.*, 594 F.2d 730, 733 (9th Cir. 1979).

Subject matter jurisdiction is conferred on federal courts either through diversity jurisdiction pursuant to 28 U.S.C. § 1332 or through federal question jurisdiction pursuant to 28 U.S.C. § 1331. *Peralta v. Hispanic Bus., Inc.*, 419 F.3d

1064, 1068 (9th Cir. 2005). Diversity jurisdiction exists when there is complete diversity of citizenship between the parties and the amount in controversy exceeds $75,000. 28 U.S.C. § 1332(a); *Caterpillar Inc. v. Lewis*, 519 U.S. 61, 68 (1996). Federal question jurisdiction exists when plaintiff properly invokes a "colorable claim arising under the Constitution or laws of the United States." *Arbaugh v. Y & H Corp.*, 546 U.S. 500, 514 (2006).

Pursuant to Federal Rule of Civil Procedure 12(b)(1), a case must be dismissed for lack of subject matter jurisdiction when the Court lacks a constitutional or statutory basis to adjudicate the controversy. Fed. R. Civ. P. 12(b)(1); *Leeson v. Transamerica Disability Income Plan*, 671 F.3d 969, 975 (9th Cir. 2012).

## ANALYSIS

Since Plaintiffs are proceeding *pro se*, the Court has construed the Complaint liberally. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

### I. Diversity Jurisdiction

The basis of diversity jurisdiction is found at Title 28 U.S.C. § 1332. Section 1332(a)(1) states that "[t]he district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000 . . . and is between citizens of different States." 28 U.S.C. § 1332(a)(1). Section 1332(a) requires complete diversity. *Id*. "In a case with multiple plaintiffs and multiple defendants, the presence in the action of a single plaintiff from the same State as a single defendant deprives the district court of original diversity jurisdiction over the entire action." *Exxon Mobil Corp.*, 545 U.S. at 553.

The Complaint indicates that Plaintiff Morris lives in Benton City, Washington. ECF No. 1 at 2. No address has been provided for Plaintiff Morton. The addresses provided for Defendants Melling, Nunez, and Alpha Homes are all in the state of Washington. ECF No. 1 at 2-3. Therefore, the Complaint fails to establish that all Plaintiffs are of different state citizenship than all Defendants.

Because this matter is not between "citizens of different States," the Court lacks subject matter jurisdiction based on diversity pursuant to 28 U.S.C. § 1332(a). *See Caterpillar*, 519 U.S. at 68.

## II. Federal Question Jurisdiction

Federal question jurisdiction, pursuant to 28 U.S.C. § 1331, exists when a plaintiff's well-pleaded complaint establishes either (1) that federal law creates the cause of action or (2) that a state law claim "necessarily raises a stated federal issue, actually disputed and substantial, which a federal forum may entertain without disturbing any congressionally-approved balance of federal and state judicial responsibilities." *Provincial Gov't of Marinduque v. Placer Dome, Inc.*, 582 F.3d 1083, 1086-1087 (9th Cir. 2009) (quoting *Grable & Sons Metal Prod., Inc. v. Darue Eng'g & Mfg.*, 545 U.S. 308, 314 (2005)).

Here, although Plaintiffs checked a box indicated "Federal Question" as a basis for jurisdiction in their case, the Complaint lists the following claims for relief: violation of residential building/remodeling/renovation codes; faulty and defective construction; and violation of electrical codes. ECF No. 1 at 3. Consequently, even viewed in a generous light, Plaintiffs have not pled a colorable claim arising under the Constitution or the laws of the United States.

Plaintiffs' claims do not involve a federal question of law and thus do not provide the Court with subject matter jurisdiction.

## CONCLUSION

Based on the foregoing, the Court finds it lacks subject matter jurisdiction over this action. Accordingly, **IT IS HEREBY ORDERED**:

1. Defendants' Motion to Dismiss, **ECF No. 7**, is **GRANTED**.

2. Plaintiffs' Complaint, ECF No. 1, is **DISMISSED WITH PREJUDICE** for lack of federal jurisdiction.

///

///

ORDER - 3

**IT IS SO ORDERED.** The District Court Executive is directed to file this Order, provide a copy to Plaintiffs and counsel for Defendants, and **CLOSE THE FILE**.

DATED October 17, 2023.



_____
ALEXANDER C. EKSTROM
UNITED STATES MAGISTRATE JUDGE

ORDER - 4